NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES VINCENT REED, | No. 22-35616 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05580-BHS |
| v. | |
| SARAH KARIKO, Chief Medical Officer, Dept of Corrections; RYAN HERRINGTON, Medical Director, Stafford Creek; JEANETTE NEIBERT, Registered Health Information Technician, Stafford Creek CC; LARA STRICK, Infectious Disease Specialist, Dept of Corrections; ELIZABETH ESCHBACH; JOHN TAYLOR, Health Service Manager 1, Stafford Creek CC; JOHN D. KENNY, Medical Provider, Stafford Creek CC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 5, 2024**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  FERNANDEZ, KLEINFELD, and SILVERMAN, Circuit Judges.

Former Washington state prisoner Charles Vincent Reed, proceeding pro se, appeals the district court's summary judgment in his action under 42 U.S.C. § 1983 and state law alleging that defendants were deliberately indifferent to his serious medical needs and retaliated against him for filing a grievance.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020) (decision on qualified immunity); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (summary judgment).  We affirm.

The district court properly granted summary judgment on Reed's claim alleging that defendants inadequately diagnosed and treated medical conditions because Reed failed to raise a triable dispute as to whether they acted with deliberate indifference to any serious medical need.  *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (explaining that an Eighth Amendment claim for inadequate medical care requires the plaintiff to show that an official acted with deliberate indifference to a serious medical need, that is, that "the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Reed's claim alleging that defendants discontinued or delayed renewing prescriptions and a Health Status Report ("HSR") because Reed failed to raise a triable dispute as to whether Dr. Herrington and Taylor's actions were a cause of any claimed injury, and whether Dr. Kenney acted with deliberate indifference to any serious medical need. *See Edmo*, 935 F.3d at 785-86; *Lemire*, 726 F.3d at 1074 ("[P]laintiffs alleging deliberate indifference must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries.").

The district court properly granted summary judgment on Reed's claim alleging that defendants kept inadequate medical records because Reed failed to raise a triable dispute as to whether the alleged injury rose to the level of a constitutional violation. *See Lemire*, 726 F.3d at 1074 ("For an inmate to bring a valid § 1983 claim against a prison official for a violation of the Eighth Amendment, he must first 'objectively show that he was deprived of something sufficiently serious,'" that is, that "the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." (citation omitted)).

The district court properly granted summary judgment on Reed's retaliation claim because he failed to raise a triable dispute as to whether defendants kept allegedly inadequate medical records in retaliation for any protected conduct, or whether their actions chilled the exercise of any protected right. *See Rhodes v.*

3

*Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Because Reed failed to establish a constitutional violation, the district court properly concluded that defendants were entitled to qualified immunity on the individual-capacity claims for damages. *See Sampson*, 974 F.3d at 1018 ("[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (citations and internal quotation marks omitted)).

The district court properly granted summary judgment on Reed's state-law claims because he failed to raise a triable dispute as to whether defendants were negligent or were the proximate cause of any injury. *See* Wash. Rev. Code § 7.70.040 (medical negligence claim requires the plaintiff to show that (1) the provider failed to exercise the accepted standard of care, and (2) this failure was the proximate cause of the injury); *Reyes v. Yakima Health Dist.*, 419 P.3d 819,

4

823 (Wash. 2018) (explaining that the accepted standard of care "must generally be established through expert testimony").

The district court did not abuse its discretion in denying Reed's untimely request for additional discovery because he failed to show good cause for extending the deadline or prejudice resulting from the denial of his request. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (explaining that a pretrial scheduling order may be altered only "upon a showing of 'good cause'").

The district court did not abuse its discretion in declining to consider inadmissible portions of Reed's supplemental declaration. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (setting forth standard of review; "A trial court can only consider admissible evidence in ruling on a motion for summary judgment.").

We reject as meritless Reed's contention that the district court erred in overruling his objections to the magistrate judge's Report and Recommendation, and his objections, raised in his reply brief, to the supplemental excerpts of record

filed by appellees.

**AFFIRMED.**